People v Cabrera (2024 NY Slip Op 00685)

People v Cabrera

2024 NY Slip Op 00685

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Manzanet-Daniels, J.P., Oing, Scarpulla, Rodriguez, Higgitt, JJ. 

Ind No. 144/21 Appeal No. 1021 Case No. 2022-04590 

[*1]The People of the State of New York, Respondent,
v
Johan Cabrera, Defendant-Appellant.

Law Offices of Joseph A. Bondy, New York (Joseph A. Bondy of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Elliott Robert Hamilton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Guy H. Mitchell, J. at suppression hearing; Raymond L. Bruce, J. at plea and sentencing), rendered October 17, 2022, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously reversed, on the law, that branch of defendant's motion which sought suppression of physical evidence granted, the plea vacated, and the indictment dismissed.
The People failed to carry their initial burden of establishing a valid inventory search of defendant's vehicle. Court of Appeals precedent "requires that a police officer prepare a meaningful inventory of the contents of an accused's car" (People v Gomez, 13 NY3d 6, 11 [2009]). Although the People failed to establish that the officers prepared the prescribed inventory search form, such failure is considered a mere "technical defect" and "is not fatal to the establishment of a valid search as long as (1) the search, in accordance with the 'standardized procedure,' is designed to produce an inventory and (2) the search results are fully recorded in a usable format" (id. [emphasis added]). Here, the People failed on this latter point, since there was no evidence offered to show that the officers created the "hallmark of an inventory search: a meaningful inventory list" (People v Johnson, 1 NY3d 252, 256 [2003]).
On appeal, the People argue that the firearm and marijuana discovered by the officers were vouchered after the search, with the vouchers ostensibly serving as the equivalent of property clerk invoices, thus demonstrating that a meaningful inventory list was in fact created. In support of this argument, the People cite solely to excerpts of hearing testimony from Officers Martinez and Fennell. The cited excerpts and full hearing testimony show, however, only the following: (1) Officer Martinez testified that (a) a voucher was completed in this case; (b) he did not do the voucher; (c) Officer Fennell should have completed a voucher; and (d) at the least, "somebody" should have completed a voucher; and (2) Officer Fennell stated that he did not make a list of the items found during the search. Consequently, contrary to the People's position, neither their cited excerpts nor the full hearing testimony provide record support for their contention that the firearm and marijuana were vouchered.
In any event, even if the firearm and marijuana were indeed vouchered, "the People failed to establish that no other items aside from the contraband were found in defendant's vehicle" (Gomez, 13 NY3d at 11).
Ultimately, no form, list, or usable record was produced before the hearing court, and there is otherwise no basis on which to conclude that an inventory list or record of the search results was ever created, either during the search or after its completion.
Accordingly, the hearing court's decision denying suppression is reversed, and the motion granted.
THIS CONSTITUTES [*2]THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2024